

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2006

# USA v. Rincon

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1987

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rincon" (2006). *2006 Decisions*. Paper 1119.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1119

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1987
_____

UNITED STATES OF AMERICA

vs.

RAFAEL RINCON,
also known as PAPI

Rafael Rincon, Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 03-cr-00002-2)
District Judge:  The Honorable Joseph J. Farnan, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2006

BEFORE: SCIRICA, Chief Judge, and  NYGAARD,  Circuit Judge.,
and YOHN,* District Judge.

(Filed May 12, 2006)

_____

OPINION OF THE COURT
_____

_____

    *Honorable William H. Yohn, Jr., Senior District Judge for the United States District
Court for  the Eastern District of Pennsylvania, sitting by designation.

NYGAARD, Circuit Judge.

Appellant, Rafael Rincon, was convicted by a jury of: conspiracy with his co-defendant Erick Vonsander to distribute cocaine base and heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and § 846 (count I); aiding and abetting the distribution of more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (counts II, IV and VI); and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (counts III, V and VII). The District Court denied his Rule 29 motion. Rincon appeals, challenging the sufficiency of the evidence to convict him. We will affirm.

## I.

A.     Count I

Rincon argues that the evidence only shows that he kept "bad company" and was a drug user; therefore, the evidence was insufficient to sustain the jury's verdict that he was involved in a narcotics distribution conspiracy and consequently, the District Judge improperly denied his Rule 29 motion for a post-verdict judgment of acquittal. We disagree. The record shows that Rincon was directly involved with preparing drugs for sale, selling them and knowingly participated in an agreement with Vonsander to sell crack cocaine and heroin between April 24, 2002 and September 3, 2002. The records shows that Rincon knew that the subject matter of these transactions was narcotics. Furthermore, the jury listened to audio recordings of Rincon discussing the first sale of

2

crack cocaine and heroin to an informant. The District Judge properly denied Rincon's Rule 29 motion on Count I.

B.      Count II

Rincon argues that the only evidence proffered by the prosecution to show that he knowingly assisted Vonsander with the distribution of the cocaine base on April 24, 2002 was a inconsequential phone call which the informant claims he made. We disagree. During the phone call, Rincon admitted to the informant that he could get him "cooked" cocaine, and wire taps alluded to Rincon's ability to acquire crack cocaine for the informant. Furthermore, the jury heard recordings in which Rincon discussed bundles of heroin he could obtain for the informant. Lastly, the jury could infer from numbers announced in another phone call that Rincon was brokering drug prices between the informant and Vonsander. Following this last phone call, the record shows that Vonsander immediately arrived at the place where Rincon and the informant had conducted a previous heroin transaction and actually sold heroin to the informant for the same amount Rincon was heard quoting on the phone. The evidence shows that Rincon was an active facilitator of the drug transaction, that he assisted Vonsander in the distribution of those drugs and that knew that the subject of the transaction was illegal narcotics. The evidence was more than adequate to support the jury's verdict.

C.      Counts III through VII

Rincon argues that there is no evidence to sustain his conviction for aiding and abetting the distribution of crack cocaine and heroin (Counts IV and V). We disagree.

3

The evidence was sufficient for the jury to find that Rincon facilitated the drug transaction between Vonsander and the informant. The informant testified that (1) he met Rincon and that Rincon was accompanied by Vonsander; (2) that Rincon asked the informant if he was "all right," which the informant, being a former drug dealer himself, understood as a solicitation to purchase more drugs and; (3) that Rincon gave him a telephone number that connected him not with Rincon but to Vonsander. All of this testimony was uncontradicted and corroborated by the testimony of DEA Special Agent David B. Hughes who initiated the investigation of the drug activities of Rincon and Vonsander. From this evidence, the jury could properly infer that Rincon facilitated the drug transfer between Vonsander and the informant. Furthermore, as to Count III, the jury also had evidence that the packages of heroin Vonsander sold to the informant had the same unique logo as that Rincon himself sold. The jury also heard that Rincon was preparing dried crack cocaine for the informant (and an undercover officer) at the same location where an earlier sale occurred. From this the jury could infer that both Rincon and Vonsander used the same house to store drugs as they used to sell them. Even if Rincon may not have been physically present at the earlier sale, the evidence was sufficient to support the jury's conclusion that Rincon aided and abetted that sale.

Next, Rincon argues that the only evidence supporting his conviction for aiding and abetting the distribution of crack cocaine and heroin (Counts VI and VII) was that he was in the kitchen where a drug transaction occurred between Vonsander, the informant and an undercover officer and that he made the statement "it was dry." We again believe

4

evidence was sufficient to support his conviction on these counts. First, Rincon was present at the place of the sale – the same house at issue in the earlier transaction. The fact that he was present, and drying drugs, at the location where Vonsander told the informant and undercover officer to go to buy the drugs indicates, along with the other evidence, that Rincon and Vonsander were partners in the drug distribution business. Plus, while Rincon was in the kitchen of this house drying drugs, Vonsander, who was in the living room attending to the details of the sale to the informant and undercover officer, would intermittently go into the kitchen. From this evidence, the jury could infer that Rincon and Vonsander were conferring about the terms of the sale. Vonsander quoted prices to the informant and undercover officer that were similar to those quoted at an earlier sale. Moreover, when Vonsander left to obtain heroin for the informant and undercover officer, he left Rincon there with them and the drying crack cocaine. From this the jury could infer that Vonsander trusted his partner Rincon with both his clients and his drugs. Finally, during Vonsander's absence, Rincon assured the informant and undercover officer that the deal was "good to go," despite the delay in the drying of the crack cocaine and acquisition of heroin. Since the informant obtained crack cocaine and heroin in amounts similar to those he obtained from Rincon and Vonsander in the prior sales, the jury could infer that Rincon was assuring the informant now that he could undoubtedly obtain those same amounts, and therefore, ensuring that the deal would be a success. From the evidence, the jury could find that Rincon also aided and abetted this sale.

5

The District Judge properly denied Rincon's Rule 29 motion because there was sufficient evidence to support the jury's guilty verdict. We will affirm.